UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**EMILY MCDANIEL, on her own
behalf and on behalf of those similarly
situated,**

                                                        CASE NO.:

        **Plaintiffs,**

**vs.**

**BOB EVANS FARMS, LLC., a
Foregin Limited Liability Corporation.**

        **Defendant.** _____/

## COMPLAINT & DEMAND FOR JURY TRIAL
### (Collective Action Complaint)

Plaintiff, EMILY MCDANIEL, on her own behalf and on behalf of those similarly situated ("Plaintiff"), was an employee of Defendant, BOB EVANS FARMS, LLC. ("BOB EVANS" or "Defendant"), and brings this action for unpaid minimum wages, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## INTRODUCTION

1.      Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 206 (a).

2.      The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3.      Section 6(a) of the FLSA requires payment of at least the statutory minimum wage for all hours worked per workweek. 29 U.S.C. § 206(a).

4.      The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5.      To the extent any partial payments have been made by Defendant to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiffs and against Defendant as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6.      The Defendant in this case, a restaurant, violated the FLSA by failing to pay Plaintiff and other similarly-situated servers proper minimum wages for all hours worked.

7.      This action is intended to include each and every hourly-paid server who worked for Defendant at any time within the past three (3) years.

## PARTIES

8.      Plaintiff, and those similarly situated individuals ("class members"), were hourly paid servers who performed services for Defendant.

9.      Defendant, BOB EVANS, is a Foreign Limited Liability Corporation.

10.     Defendant, BOB EVANS, conducts business in, among others, Hillsborough County, Florida, therefore venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

11.     Defendant is in the business of providing food and drink to its customers.

## JURISDICTION

12.     This Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*

## COVERAGE

13.     At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

14.     At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

15.     At all material times during the last three years, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16.     At all material times during the last three years, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a.  Engaged in commerce; or

    b.  Engaged in the production of goods for commerce; or

    c.  Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. napkins, dishes, silverware, computers, and/or office supplies).

17.     Additionally, Plaintiff and those similarly situated to her was/were individually engaged in interstate commerce during their employment with Defendant as they on a routine and regular basis conducted credit card transactions which transmitted communications across state

lines in interstate commerce and also handled such goods as napkins, silverware, appliances, food items, and restaurant equipment which had travelled in interstate commerce on a daily basis.

## COLLECTIVE ACTION ALLEGATIONS

18.   Plaintiff and the class members were all "server/waiters" and performed the same or similar job duties as one another in that they provided food and beverage service to Defendant's patrons.

19.   Plaintiff and the class members were subjected to the same pay provisions in that they were all paid pursuant to the "tip credit" provisions of the FLSA and were not compensated at least the proper minimum wage for all hours worked as a result of being required to pay for uniforms.

20.   Defendant's uniform method of payment to Plaintiff and the class members resulted in a failure to pay Plaintiff and the class members the required minimum wages due under the FLSA.

21.   This policy or practice was applicable to Plaintiff and the class members.

22.   Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.

23.   Rather, the same policy or practice which resulted in the non-payment of minimum wages to Plaintiff applied and continues to apply to all class members.

24.   Accordingly, the class members are properly defined as:

> **All "servers/waiters" who worked for Defendant within the last three years who were not compensated at the required minimum wages due under the FLSA.**

25.     Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay minimum wages with respect to Plaintiff and the class members.

26.     Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

## COUNT I - RECOVERY OF MINIMUM WAGES (FEDERAL)

27.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-26 above.

28.     Plaintiff, and those similarly situated to her, are/were entitled to be paid the proper minimum wage for each hour worked per workweek.

29.     Plaintiff and those similarly situated to them were/are entitled to receive the applicable statutory Florida minimum wage rate for all hours worked during their employment with Defendant pursuant to 29 C.F.R. 778.5.

30.     Plaintiff, EMILY MCDANIEL, was employed as a server for Defendant at the Defendant's Bob Evans located at 16314 North Dale Mabry, Tampa, Florida from on or around August 2013 through March 2014.

31.     Plaintiff was paid an hourly rate of $4.77 per hour plus tips, then an increased rate of $4.91 per hour plus tips in exchange for work performed.

32.     Plaintiff, and those similarly situated to her, were required to pay Defendant for uniforms, including but not limited to, Bob Evans T-shits and aprons.

33.     As a result, Defendant violated the FLSA's tip-credit provisions and the FLSA's provision on minimum wages (29 U.S.C. §206) in that Plaintiff, and those similarly situated, have not been paid the minimum wage for each hour worked during their employment.

34.     Defendant willfully failed to pay minimum wage compensation for these hours contrary to 29 U.S.C. § 206.

35.     As a direct and proximate result of Defendant's deliberate nonpayment of wages, Plaintiff, and those similarly situated, have been damaged in the loss of minimum wages, plus incurring reasonable attorneys' fees and costs.

36.     As a result of these common policies, Plaintiff, and those similarly situated, are entitled to receive the difference between the full statutory minimum wage and the hourly wage actually paid to them.

37.     Defendant knew its conduct violated the FLSA or acted in reckless disregard of the FLSA provisions.

38.     As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated, are entitled to liquidated damages.

39.     Plaintiff, and those similarly situated, are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

40.     WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant;

      a.  Conditionally certifying a class of all servers/waiters who did not receive proper minimum wage compensation pursuant to Section 216(b) of the FLSA;

      b.  Permitting Notice to all potential class members;

      c.  Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices

complained of herein are in violation of the maximum hour and/or minimum wage provisions of the FLSA;

d.  Awarding Plaintiff, and those similarly situated, their unpaid minimum wages;

e.  Awarding liquidated damages in an amount equal to the minimum wage award, or alternatively, awarding pre-judgment interest;

f.  Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

g.  Ordering any other further relief the Court deems just and proper.

**<u>JURY DEMAND</u>**

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Dated: 10/29/14          .

Respectfully submitted by,

Kimberly De Arcangelis Woods, Esquire
FBN 025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: kwoods@forthepeople.com
Trial Attorneys for Plaintiffs